1  IRELL & MANELLA LLP
   Layn R. Phillips (103854)
2  lphillips@irell.com
   Andra Barmash Greene (123931)
3  agreene@irell.com
   840 Newport Center Drive, Suite 400
4  Newport Beach, California 92660-6324
   Telephone:  (949) 760-0991
5  Facsimile:  (949) 760-5200

6  Attorneys for Defendants
   KFC USA, INC., KFC U.S. PROPERTIES,
7  INC., and KFC CORPORATION

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  LISA HARRISON, NOE RIVERA, as          )   Case No.
    individuals and on behalf of all others similarly )
12  situated,                              )   DEFENDANTS KFC USA, INC., KFC U.S.
                                           )   PROPERTIES, INC. AND KFC
13          Plaintiffs,                    )   CORPORATION'S NOTICE OF
                                           )   REMOVAL OF ACTION UNDER 28
14      v.                                 )   U.S.C. SECTIONS 1332, 1441, 1446, AND
                                           )   1453 (CLASS ACTION FAIRNESS ACT
15  KFC USA, INC.; KFC U.S. PROPERTIES,    )   JURISDICTION)
    INC.; KFC CORPORATION; and DOES 1-     )
16  100, inclusive,                        )   [Declaration of Mary Glass, Defendants'
                                           )   Certification of Interested Entities or Persons,
17          Defendants.                    )   and Defendants' Notice of Pendency of Other
                                           )   Action or Proceeding filed concurrently
18                                         )   herewith]
                                           )
19                                         )
                                           )
20                                         )   PROPOSED CLASS ACTION
                                           )
21                                         )   On removal from California Superior Court
                                           )   for the County of San Francisco
22                                         )
                                           )   Case No. CGC-10-502757
23  _____)

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NOTICE OF REMOVAL OF ACTION

2306877.1

**TO THE CLERK OF THE ABOVE-ENTITLED COURT**:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants KFC USA, Inc., KFC U.S. Properties, Inc., and KFC CORPORATION (collectively "KFC") hereby give notice of the removal of this action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California. KFC states the following grounds for removal:

## PROCEDURAL BACKGROUND

1.     On or about August 18, 2010, plaintiffs Lisa Harrison and Noe Rivera ("Plaintiffs"), "as individuals and on behalf of all others similarly situated," filed a complaint against KFC in the Superior Court of the State of California for the County of San Francisco (the "Complaint"). The Complaint alleges four causes of action: (1) failure to provide vacation wages in violation of California Labor Code § 227.3; (2) failure to timely pay wages due at termination in violation of California Labor Code § 203; (3) failure to reimburse employees for business expenses in violation of California Labor Code § 2802 and Section 9 of the Industrial Welfare Commission Wage Order 5; and (4) violation of unfair competition law, California Business and Professions Code § 17200.

2.     By the Complaint, which was filed as a putative class action, Plaintiffs purport to seek relief on behalf of themselves and the following class: "all former California employees of Defendants, at any time from four years prior to the date of the filing of this action to the present, to whom Defendant applied policies regarding vacation pay, including personal day vacation pay, floating holiday vacation pay, and flexible days vacation pay, and/or any similar paid time off benefits." Complaint at ¶ 22. There is no class allegation pertaining to the claims other than Plaintiffs' claim regarding vacation pay. A true and correct copy of the Complaint is attached hereto at Exhibit 1.

## TIMELINESS OF REMOVAL

3.     Pursuant to 28 U.S.C. section 1446, a defendant desiring to remove a civil action from state court may do so by filing a notice of removal in the district court of the United States for the district and division where the action is pending within thirty days of receiving plaintiff's

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2306877.1

NOTICE OF REMOVAL OF ACTION

- 1 -

1  initial pleading. 28 U.S.C. § 1446(a) & (b). Section 1446 permits any defendant to remove the

2  action to federal court without the consent of all defendants. *Id.; see also Lowery v. Ala. Power*

3  *Co.,* 483 F.3d 1184, 1196 (11th Cir. 2007) (under CAFA "one defendant may remove the entire

4  action, including claims against all defendants"); *Braud v. Transp. Serv. Co.*, 445 F.3d 801, 808

5  (5th Cir. 2006) ("CAFA is plain that any single defendant can remove (without the consent of

6  other defendants) the entire class action.").

7       4.    Plaintiffs served KFC with the Summons and Complaint by personal service on

8  September 9, 2010.

9       5.    Pursuant to 28 U.S.C. section 1446(b), the filing of this Notice of Removal is

10  timely. KFC has thirty days from service of the Complaint in which to remove, and that period

11  has not yet expired.

12             **DIVERSITY JURISDICTION—CLASS ACTION FAIRNESS ACT**

13       6.    **Basis of Original Jurisdiction.** The Court has original jurisdiction over this action

14  pursuant to the Class Action Fairness Act of 2005 (28 U.S.C. § 1332(d)) ("CAFA").

15       7.    **Number of Putative Class Members.** The exact number of putative class

16  members as defined by the Complaint is impossible for KFC to ascertain because Plaintiffs have

17  defined the purported class as (i) including employees of KFC and Doe Defendants 1-100,

18  (ii) including employees who held unspecified positions, and (iii) not limiting purported class

19  members to restaurant employees. Despite these serious problems with Plaintiffs' purported class

20  definitions, KFC has determined that the number of class members is well over 100.

21       KFC has determined that Plaintiffs' purported class currently includes at least 11,413

22  individuals.[1] These putative class members are, as defined by the Plaintiffs, persons who

23  voluntarily or involuntarily left employment with KFC at a company-owned restaurant in

---

24       [1] By determining that there are over 11,000 people in Plaintiffs' purported class, KFC does

25  not waive its right to argue at the class certification stage that the potential class members'
     identities are not ascertainable. For purposes of this removal notice, KFC has not attempted to

26  conduct a fact-specific inquiry to determine which, if any, rights of each potential class member
     were violated as alleged by Plaintiffs. While such an inquiry would be needed to ascertain

27  purported class members at the class certification stage, it is not required for the purpose of
     establishing purported class size or the amount in controversy for jurisdictional purposes. *See*

28  *Helm v. Alderwoods Group, Inc.*, No. C 08-01184, 2008 WL 2002511, at *5 (N.D. Cal. May 8,
     2008).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NOTICE OF REMOVAL OF ACTION

1  California between September 1, 2006 and September 14, 2010. *See* Declaration of Mary Glass

2  ("Glass Decl.") ¶ 8 (filed concurrently with this Notice of Removal). While Plaintiffs have not

3  limited the proposed class definition to either persons working in KFC company-owned

4  restaurants or KFC employees, KFC has done so when calculating putative class size for

5  jurisdictional purposes since Plaintiffs were restaurant-level employees at KFC-owned restaurant

6  locations in California and would be inadequate class representatives for any other type of

7  employee.

8      8.    **Diversity of the Parties.** The diversity requirement of 28 U.S.C. section 1332(d)

9  is met in this action because the citizenship of at least one class member is diverse from the

10  citizenship of at least one defendant. 28 U.S.C. § 1332 (d)(2)(A). Pursuant to 28 U.S.C. section

11  1332(d)(7), the citizenship of members of the proposed class "shall be determined…as of the date

12  of filing of the complaint…." Accordingly, the citizenship of the proposed class members is

13  determined as of August 18, 2010, the date Plaintiffs filed the Complaint.

14      A.    Citizenship of Defendants. Pursuant to 28 U.S.C. section 1332(c), "a

15  corporation shall be deemed to be a citizen of any State by which it has been incorporated

16  and of the State where it has its principal place of business." *See Hertz Corp. v. Friend*,

17  ___ U.S. ___, 130 S.Ct. 1181, 1192 (2010) (holding that a corporation's "principal place of

18  business" refers "to the place where a corporation's officers direct, control, and coordinate

19  the corporation's activities"). KFC U.S. Properties, Inc. is a Delaware corporation with its

20  principal place of business in Kentucky. Glass Decl. ¶ 2. KFC Corporation is a Delaware

21  corporation with its principal place of business in Kentucky. Glass Decl. ¶ 3. KFC

22  Corporation owns 100% of the stock of KFC U.S. Properties. Glass Decl. ¶ 4. KFC USA,

23  Inc. was a Delaware corporation with its principal place of business in Kentucky, and it

24  was a wholly-owned subsidiary of KFC Holding Company. Glass Decl. ¶ 5. KFC USA,

25  Inc. then merged into KFC of America, Inc. which then merged into KFC Corporation.

26  Glass Decl. ¶ 5.

27      B.    Citizenship of Named Plaintiffs and Proposed Class Members. For

28  diversity purposes, the citizenship of a natural person is determined by his or her state of

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1    domicile. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A

2    person's domicile is her permanent home, where she resides with the intention to remain or

3    to which she intends to return." *Id.* Evidence of an extended period of residency and

4    employment in a state may give rise to a presumption of citizenship. *See Preston v.*

5    *Lifecare Hospital*, 485 F.3d 793, 799-800 (5th Cir. 2007).

       1.    KFC alleges that, as of August 18, 2010, named Plaintiffs Lisa Harrison and

7                  Noe Rivera were citizens of the State of California.

8           2.    Because the citizenship of Plaintiffs (California) is diverse from the

9                  citizenship of KFC U.S. Properties, Inc. (Delaware and Kentucky), KFC

10                 Corporation (Delaware and Kentucky) and KFC USA, Inc., the minimal

11                 diversity requirement of 28 U.S.C. § 1332(d) is satisfied.

12       9.    **Amount in Controversy.** Based on the allegations in the Complaint, the alleged

13   amount in controversy exceeds, in the aggregate, Five Million Dollars ($5,000,000).

14          A.    Plaintiffs allege that KFC violated California Labor Code §§ 201, 202, and

15   203 by failing "to timely pay herself [sic] as well as putative class members at the time of

16   termination of employment, including vested personal day vacation pay, vested floating

17   holiday vacation pay, vested flexible days vacation pay, and other paid time-off/vacation

18   pay…" Complaint ¶ 41. Plaintiffs allege that, at the time of each former employee

19   plaintiff's date of departure, he or she was owed wages, and that KFC willfully failed to

20   pay each former employee any of the wages due him or her for more than 30 days.

21   Complaint ¶ 42. Solely for the purpose of determining the amount in controversy, KFC

22   assumes that Plaintiffs' allegations are true.

23          B.    California Labor Code § 203 imposes a penalty equivalent to an employee's

24   regular daily rate for each day the employer willfully fails to pay the employee for all

25   wages due after the employee stops working for the employer. The maximum per-

26   employee penalty that an employer can incur is thirty days of pay at the employee's regular

27   rate.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2306877.1

NOTICE OF REMOVAL OF ACTION

- 4 -

C. Based on a review of KFC's business records, KFC has determined that there are over 11,413 people who left their employment with KFC in California company-owned restaurants between September 1, 2006 and September 14, 2010. Glass Decl. ¶ 8.

D. Based on Plaintiff's allegations, at the date of filing the Complaint, each of these 11,413 employees who were terminated or quit on or before September 14, 2010, was allegedly owed thirty days of pay at his or her regular daily rate as a penalty for KFC's purportedly willful failure to timely pay him or her all wages due at termination. Complaint ¶ 42. Thus, KFC determined the average daily pay rate of each of these 11,413 persons by determining each person's actual final hourly rate of pay in the position as a class member and multiplying that rate by eight hours. Glass Decl. ¶ 9. KFC then multiplied the average daily rate of pay by 11,413 to determine the value of the alleged damages to the class. *Id.* KFC has determined that the amount in controversy for Plaintiffs' Section 203 claim alone is in excess of Twenty Five Million Dollars: $25,336,860.00. *Id.* This amount in controversy excludes any recovery by Plaintiffs of reasonable attorneys' fees.

E. Accordingly, based on only *one* of Plaintiffs' allegations and not considering any award of attorneys' fees that Plaintiffs may recover, the amount in controversy exceeds the Five Million Dollars ($5,000,000) threshold.

## COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

10. KFC hereby provides this Court with copies of all process, pleadings, and orders known by KFC to have been filed by Plaintiffs in this action (attached hereto as Exhibit 1), as required by 28 U.S.C. § 1446(a).

11. KFC is not aware of any process, pleadings, or orders besides that which have been attached hereto as Exhibit 1.

12. Pursuant to Federal Rule of Civil Procedure 7.1 and Northern District of California L.R. 3-16, KFC concurrently files Defendants' "Certification of Interested Entities or Persons." Promptly after the filing of this Notice of Removal, KFC will give written notice of the filing to Plaintiffs as required by 28 U.S.C. § 1446(d).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2306877.1

NOTICE OF REMOVAL OF ACTION

- 5 -

1        13.     Pursuant to Northern District of California L.R. 3-13, KFC concurrently files

2 Defendants' "Notice of Pendency of Other Action or Proceeding."

3        14.     A copy of this Notice will also be filed with the clerk of the Superior Court of the

4 State of California for the County of San Francisco as required by 28 U.S.C. § 1446(d).

5        WHEREFORE, Defendants pray that the above action now pending against them in the

6 Superior Court of the State of California for the County of San Francisco be removed to this

7 Court. This Notice of Removal is made in accordance with the provisions of Rule 11 of the

8 Federal Rules of Civil Procedure.

9 Dated: October 1, 2010                Respectfully submitted,

10                                  IRELL & MANELLA LLP

12                                  By:

13                                  Andra Barmash Greene
                                 Attorney for Defendants

14                                  KFC USA, INC., KFC U.S. Properties, Inc.,
                                 and KFC Corporation

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2306877.1

- 6 -

# EXHIBIT 1

8-18-10　　　　　FIRST LEGAL　　　　　4156261331

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2010 AUG 18 PM 4:12

CLERK OF THE COURT
BY: _____
D. STEPPE    DEPUTY CLERK

1  **LAW OFFICES OF PETER M. HART**
   Peter M. Hart, Esq. (SBN 198691)
2  13952 Bora Bora Way, F-320
   Marina Del Rey, California 90292
3  Telephone:　(310) 478-5789
   Facsimile:　(509) 561-6441
4

CASE MANAGEMENT CONFERENCE SET

5  Attorney for Plaintiff Lisa Harrison and Noe Rivera

JAN 27 2011  9:00 AM

6

7  DEPARTMENT 212

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **FOR THE COUNTY OF SAN FRANCISCO**

10

11  LISA HARRISON, NOE RIVERA, as )  CASE NO. **CGC-10-502757**
    individuals and on behalf of all others similarly )
12  situated, )  **CLASS ACTION**
          )
13          Plaintiff, )  COMPLAINT FOR DAMAGES AND
          )  EQUITABLE RELIEF FOR:
14  v. )
          )  (1)　VIOLATION OF *LABOR CODE*
15  KFC USA, INC.; KFC U.S. PROPERTIES, )  　　　§227.3;
    INC.; KFC CORPORATION; and DOES 1 )  (2)　VIOLATION OF *LABOR CODE*
16  through 100, inclusive, )  　　　§§201-203;
          )  (3)　VIOLATION OF *LABOR CODE*
17          Defendants. )  　　　§2802;
          )  (4)　UNFAIR BUSINESS PRACTICES
18  _____ )  　　　(Violation of *California Business &*
                                        *Professions Code* §17200, et seq.).
19

20  DEMAND FOR JURY TRIAL

21      Plaintiffs Lisa Harrison and Noe Rivera ("Ms. Harrison" and/or "Mr. Rivera" and/or

22  "Plaintiffs"), hereby submit this Class Action Complaint against Defendants Kentucky Fried

23  Chicken, Inc., KFC U.S. Properties, Inc., KFC Corporation, and Does 1-100 (hereinafter

24  collectively referred to as "Defendants") on behalf of themselves and the class of others similarly

25  situated current and former employees of Defendants, as follows:

26      **INTRODUCTION**

27      1.    This class action is within the Court's jurisdiction under California *Labor Code*

28  §§201-203, 227.3, 2802, the *Labor Code* Private Attorneys General Act of 2004 ("PAGA"), and

1

EXHIBIT __1__

1   California *Business and Professions Code* §17200, *et seq.*, (Unfair Practices Act) and the

2   applicable wage order(s) issued by the Industrial Welfare Commission ("IWC") including IWC

3   Wage Order No. 5-2001.

4       2.    This Complaint challenges systemic illegal employment practices resulting in

5   violations of the California *Labor Code*, *Business and Professions Code* and applicable IWC

6   wage orders against employees of Defendants.

7       3.    Plaintiffs are informed and believe, and based thereon allege, that Defendants, joint

8   and severally, have acted intentionally and with deliberate indifference and conscious disregard to

9   the rights of all employees in receiving all vested and/or earned vacation wages (including

10  personal days, floating holidays, other PTO/vacation, and/or similar paid time off benefits).

11      4.    Plaintiffs are informed and believe, and based thereon allege, that Defendants have

12  engaged in, among other things, a system of willful violations of the California *Labor Code*,

13  *Business and Professions Code* and applicable IWC wage orders by creating and maintaining

14  policies, practices and customs that knowingly deny employees their vested and earned vacation

15  wages, and/similar paid time off benefits.

16      5.    Plaintiffs are informed and believe, and based thereon allege, that Defendants

17  further required employees to incur expenses for mileage and to wear uniforms as a condition of

18  their employment, including particular shirts, pants, and shoes, but failed to provide and maintain

19  the company-required uniforms in violation of *Labor Code* §§2802, and Section 9 of Wage Order

20  5.

21      6.    The policies, practices and customs of Defendants described above and below have

22  resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that

23  routinely adhere to the strictures of the California *Labor Code*, *Business and Professions Code*

24  and applicable IWC wage orders.

25      7.    Plaintiffs are currently in the process of complying with the procedures for

26  bringing suit specified in California *Labor Code* §2699.3. By letter dated the same date this

27  Complaint is filed, Plaintiffs gave written notice by certified mail to the Labor and Workforce

28  Development Agency, and Defendants named in this Complaint, of the specific provisions of the

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1   *Labor Code* alleged to have been violated, including the facts and theories to support the alleged

2   violations.

3

4                              **JURISDICTION AND VENUE**

5          8.     The Court has jurisdiction over the violations of the California *Labor Code*

6   §§201-203, 227.3, 2802 and California *Business and Professions Code* §17200, *et seq.* (Unfair

7   Practices Act), and the applicable wage order(s) issued by the Industrial Welfare Commission

8   including IWC Wage Order No. 5-2001 claims alleged herein.

9          9.     This Court has jurisdiction over this Class Action pursuant to California *Code of*

10  *Civil Procedure* §382 and is consistent with Fed. R. Civ. P. Rules 23(a), (b)(1), (b)(2), and (b)(3).

11         10.    Venue is proper because at least one of Defendants is qualified to do business in

12  California, but has physical operations and does business in San Francisco.

13

14                                    **PARTIES**

15         11.    Plaintiff Lisa Harrison was jointly employed as an Assistant Manager and Manager

16  employee by Defendants until October 2008. Plaintiff Harrison was and is a victim of the policies,

17  practices and customs of Defendants complained of in this action in ways that have deprived her

18  of the rights guaranteed her by California *Labor Code* §§201-203, 227.3, 2802 and California

19  *Business and Professions Code* §17200, *et seq.* (Unfair Practices Act), and the applicable wage

20  order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 5-2001.

21  Specifically, in addition to any number of other illegal policies, including illegal accrual vacation

22  policies, Plaintiff Harrison at the end of employment was not paid out all vested vacation wages,

23  including not being paid out all vested personal day vacation pay, vested floating holiday vacation

24  pay, and vested flexible days vacation pay, and had her vacation wages, including vested personal

25  day vacation pay, vested floating holiday vacation pay, and vested flexible days vacation pay,

26  forfeited according to company policy and practice. Plaintiff Harrison was additionally not

27  reimbursed all mileage expenses and uniform expenses in violation of *Labor Code* § 2802.

28         12.    Plaintiff Noe Rivera was jointly employed as a team member employee by

                                        3
                 COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1    Defendants until November 2009. Plaintiff Rivera was and is a victim of the policies, practices

2    and customs of Defendants complained of in this action in ways that have deprived him of the

3    rights guaranteed her by California *Labor Code* §§201-203, 227.3, 2802 and California *Business*

4    *and Professions Code* §17200, *et seq.* (Unfair Practices Act), and the applicable wage order(s)

5    issued by the Industrial Welfare Commission including IWC Wage Order No. 5-2001.

6    Specifically, in addition to any number of other illegal policies, including illegal accrual vacation

7    policies and miscalculation of accrued time, Plaintiff Rivera at the end of employment was not

8    paid out all vested vacation wages, including not being paid out all vested personal day vacation

9    pay, vested floating holiday vacation pay, and vested flexible days vacation pay, and had his

10   vacation wages, including vested personal day vacation pay, vested floating holiday vacation pay,

11   and vested flexible days vacation pay, forfeited according to company policy and practice.

12   Plaintiff Rivera was additionally not reimbursed all mileage expenses and uniform expenses in

13   violation of *Labor Code* § 2802.

14          13.    Plaintiffs are informed and believe, and based thereon alleges, that KFC USA, Inc.,

15   was and is a Delaware corporation that regularly does business in the State of California,

16   including owning and operating retail restaurants in San Francisco. Plaintiffs are informed and

17   believe, and based thereon alleges, KFC Properties, Inc. was and is a Delaware corporation that

18   regularly does business in the State of California, including owning and operating retail

19   restaurants in San Francisco. Plaintiffs are informed and believe, and based thereon alleges, that

20   KFC Corporation was and is a Delaware corporation that regularly does business in the State of

21   California, including owning and operating retail restaurants in San Francisco County.

22          14.    Plaintiffs are informed and believe, and based thereon allege, that at all times herein

23   mentioned, Defendants and Does 1 through 100 are and were corporations, business entities,

24   individuals, and partnerships, licensed to do business and actually doing business in the State of

25   California.

26          15.    Defendants own and operate fast food retail restaurants and employ over a

27   hundred employees such as Plaintiff at any given time in the state of California.

28          16.    As such, and based upon all the facts and circumstances incident to Defendants'

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1   businesses in California, Defendants are subject to California *Labor Code* §§201-203, 227.3, 2802

2   and California *Business and Professions Code* §17200, *et seq.* (Unfair Practices Act), and the

3   applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order

4   No. 5-2001.

5       17.    Plaintiffs do not know the true names or capacities, whether individual, partner or

6   corporate, of the Defendants sued herein as Does 1 through 100, inclusive, and for that reason,

7   said Defendants are sued under such fictitious names, and Plaintiffs pray leave to amend this

8   Complaint when the true names and capacities are known. Plaintiffs are informed and believe, and

9   thereon allege, that each of said fictitious Defendants were responsible in some way for the

10  matters alleged herein and proximately caused Plaintiffs and members of the general public and

11  class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

12      18.    At all times herein mentioned, each of said Defendants participated in the doing of

13  the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the

14  Defendants, and each of them, were the agents, servants and employees of each of the other

15  Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting

16  within the course and scope of said agency and employment.

17      19.    Plaintiffs are informed and believe, and based thereon allege, that at all times

18  material hereto, each of the Defendants named herein was the joint employer, agent, employer,

19  alter ego and/or joint venturer of, or working in concert with each of the other Co-Defendants

20  and was acting within the course and scope of such agency, employment, joint venture, or

21  concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain

22  Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and

23  omissions of the acting Defendants.

24      20.    At all times herein mentioned, Defendants, and each of them, were members of,

25  and engaged in, a joint venture, partnership and common enterprise, and acting within the course

26  and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

27      21.    At all times herein mentioned, the acts and omissions of various Defendants, and

28  each of them, concurred and contributed to the various acts and omissions of each and all of the

5

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1   other Defendants in proximately causing the injuries and damages as herein alleged.  At all times

2   herein mentioned, Defendants, and each of them, ratified each and every act or omission

3   complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and

4   abetted the acts and omissions of each and all of the other Defendants in proximately causing the

5   damages as herein alleged.

6                          **CLASS ACTION ALLEGATIONS**

7          22.    Definition:  The named individual Plaintiffs bring this action on behalf of

8   themselves and the class pursuant to California Code of Civil Procedure § 382 and is consistent

9   with Fed. R. Civ. P. Rules 23(a), (b)(1), (b)(2), and (b)(3).  The Class consists of the following:

10          Plaintiff Class:

11          All former California employees of Defendants, at any time from four years prior to the

12          date of the filing of this action to the present, to whom Defendant applied policies

13          regarding vacation pay, including personal day vacation pay, floating holiday vacation pay,

14          and flexible days vacation pay, and/or any similar paid time off benefits.

15          23.    Numerosity:  The members of the class exceed 100 persons and are so numerous

16   that joinder of all members would be impractical, if not impossible.  The identity of the members

17   of the class is readily ascertainable by review of Defendants' records, including payroll records.

18          24.    Adequacy of Representation:  The named Plaintiffs are fully prepared to take all

19   necessary steps to represent fairly and adequately the interests of the class defined above.

20   Plaintiffs' attorneys are ready, willing and able to fully and adequately represent the class and

21   individual Plaintiffs.  Plaintiffs' attorneys have prosecuted and settled wage-and-hour class actions

22   in the past and currently have a number of wage-and-hour class actions pending in California

23   courts.

24          25.    In addition, Defendants uniformly administered corporate policies, practices and/or

25   customs that failed to comply with *Labor Code* §227.3.  Plaintiffs are informed and believe, and

26   based thereon allege, this corporate conduct is accomplished with the advance knowledge and

27   designed intent to willfully fail to pay all vested vacation wages to employees.

28          26.    Plaintiffs are informed and believe, and based thereon allege, that Defendants, in

6

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  violation of California *Labor Code* §§201 and 202, et seq., respectfully, had a consistent and

2  uniform policy, practice and custom of willfully failing to comply with *Labor Code* §203.

3  Plaintiffs and other members of the class did not secret or absent themselves from Defendants, nor

4  refuse to accept the earned and unpaid vacation wages from Defendants. Accordingly,

5  Defendants are liable for waiting time compensation for the unpaid vacation wages, including

6  personal day vacation pay, floating holiday vacation pay, and flexible days vacation pay, and/or

7  similar paid time off benefits to separated employees pursuant to California *Labor Code* §203.

8      27.    Furthermore, Defendants uniformly administered corporate policies, practices,

9  and/or customs that failed to comply with California *Labor Code* §2802, when it failed to

10  reimburse putative class members for costs incurred for mileage and to acquire and maintain

11  company-required uniforms as a condition of their employment.

12      28.    Common Question of Law and Fact: There are predominant common questions of

13  law and fact and a community of interest amongst Plaintiffs and the claims of the class concerning

14  Defendants' (a) forfeiture of class members' vested vacation wages, (b) illegal policies and/or

15  practices regarding vacation and/or paid time off benefits, including accrual and calculation of

16  time, (c) the willful nature of Defendant's illegal practices; whether or not (d) Defendant engaged

17  in unfair business practices; and whether or not (e) Plaintiffs are entitled to any damages,

18  restitution, penalties, interest, attorney's fees resulting therefrom.

19      29.    Typicality: The claims of Plaintiffs are typical of the claims of all members of the

20  class. Plaintiffs are members of the class and have suffered the alleged violations of California

21  *Labor Code* §§201-203, 227.3, 2802, California Industrial Welfare Commission wage orders

22  including IWC Wage Order No. 5-2001, PAGA, and *Business & Professions Code* §17200.

23      30.    The California *Labor Code* and Wage Order provisions upon which Plaintiffs base

24  their claims are broadly remedial in nature. These laws and labor standards serve an important

25  public interest in establishing minimum working conditions and standards in California. These

26  laws and labor standards protect the average working employee from exploitation by employers

27  who may seek to take advantage of superior economic and bargaining power in setting onerous

28  terms and conditions of employment.

7

31.    The nature of this action and the format of laws available to Plaintiffs and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

32.    The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

33.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiffs and the class identified herein, in a civil action, for the unpaid balance of the full amount of accrued and/or unpaid and/or forfeited vacation wages, including interest thereon, all other paid time off benefits to which Plaintiffs are entitled, applicable damages and penalties, reasonable attorney's fees, and costs of suit according to the mandate of *Code of Civil Procedure* §1021.5.

34.    Proof of a common business practice or factual pattern, which the named Plaintiffs experienced and are representative of, will establish the right of each of the members of the

8

1 | Plaintiff class to recovery on the causes of action alleged herein.

2 |     35.    The Plaintiff class is commonly entitled to a specific fund with respect to the

3 | compensation illegally and unfairly retained by Defendants. The Plaintiff class is commonly

4 | entitled to restitution of those funds being improperly withheld by Defendants. This action is

5 | brought for the benefit of the entire class and will result in the creation of a common fund.

6 | **FIRST CAUSE OF ACTION**

7 | **Violation of Labor Code § 227.3 (Vacation)**

8 | **(Against All Defendants by Plaintiffs and Class)**

9 |     36.    Plaintiffs incorporate by reference and re-allege each and every one of the

10 | allegations contained in the preceding paragraphs of this Complaint as though fully set forth

11 | herein.

12 |     37.    This cause of action is brought pursuant to *Labor Code* §227.3 which prohibits

13 | employers from forfeiting the vested vacation wages of their employees, as well as any number of

14 | other illegal policies Defendant is instituting, including, but not limited to, illegal accrual vacation

15 | policies, and/or miscalculation of accrued/earned time.

16 |     38.    As a matter of uniform corporate policy and procedure and practices Defendants

17 | violated *Labor Code* §227.3 by compelling or coercing Plaintiffs and members of the class to

18 | forfeit vested vacation wages of Plaintiffs and the class, including vested personal day vacation

19 | pay, vested floating holiday vacation pay, vested flexible days vacation pay, and other

20 | paid-time-off/vacation pay, and any number of other illegal policies Defendant is instituting,

21 | including, but not limited to, illegal accrual vacation policies and/or miscalculation of

22 | accrued/earned time.

23 |     39.    Such a pattern, practice and uniform administration of corporate policy regarding

24 | illegal employee compensation as described herein is unlawful and creates an entitlement to

25 | recovery by Plaintiffs in a civil action for damages, penalties, and wages owed and for costs and

26 | attorney's fees.

27 | **SECOND CAUSE OF ACTION**

28 | **Violation of Labor Code §201-203**

9

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1    (Failure to Pay Wages Due Upon Discharge)

2    (Against All Defendants by Plaintiffs and Class)

3        40.    Plaintiffs incorporate by reference and re-alleges each and every one of the

4    allegations contained in the preceding paragraphs of this Complaint as though fully set forth

5    herein.

6        41.    Plaintiffs are informed and believe, and based thereon allege, that defendants, in

7    violation of *Labor Code* §203, consistently and willfully failed to timely pay herself as well as

8    putative class members at the time of termination of employment, including vested personal day

9    vacation pay, vested floating holiday vacation pay, vested flexible days vacation pay, and other

10   paid-time-off/vacation pay as set forth hereinabove.

11       42.    Defendants' willful failure to pay Plaintiffs and putative class members all of the

12   wages due and owing them constitutes violations of *Labor Code* §§201-203, which provide that

13   an employee's wages will continue as a penalty up to thirty (30) days from the time the wages

14   were due. Plaintiffs seek on behalf of themselves and putative class members penalties to which

15   they are entitled pursuant to *Labor Code* §203, in the amount of each putative class member's

16   daily wage multiplied by thirty (30) days, the exact amount of which is to be determined at trial.

17   **THIRD CAUSE OF ACTION**

18   **Failure to Reimburse Employees for Costs Incurred to Acquire and/or**

19   **Maintain Company-Required Uniforms**

20   **(Labor Code § 2802 and Section 9**

21   **of Industrial Welfare Commission Wage Order 5)**

22   **(Against All Defendants by Plaintiff sand Class)**

23       43.    Plaintiffs incorporate by reference and re-allege each and every one of the

24   allegations contained in the preceding paragraphs of this Complaint as though fully set forth

25   herein.

26       44.    At all times relevant to this complaint, Defendants required Plaintiffs and the class

27   members to incur mileage expenses and wear a company-required uniform as a condition of their

28   employment but did not provide or maintain all the required uniform items, or reimburse the

10

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1 employees for the costs to buy and maintain the uniform items.

2     45.     Plaintiffs allege that, at all time relevant to this litigation, Defendants have violated

3 or caused to be violated *Labor Code* §2802 and Section 9 of Wage Order 5.

4     46.     By not providing and maintaining the company required uniforms, or reimbursing

5 the employees for expenses incurred to acquire and maintain the uniforms, Defendants, and each

6 of them, have unlawfully and intentionally taken and converted the property of Plaintiffs and the

7 Plaintiff Class Members for their use.

8     47.     WHEREFORE, Plaintiffs and the Plaintiff Class Members have been denied use

9 and enjoyment of their property and have been otherwise damaged in an amount to be proven at

10 trial, and are entitled to recover such amounts, penalties, plus interest, attorney's fees, and costs of

11 suit, under *Labor Code* §2802 and Section 9 of Wage Order 5.

12 **FOURTH CAUSE OF ACTION**

13 **For Violations of *Business and Professions Code* §17200, *et seq*.**

14 **(Against All Defendants by Plaintiffs and Class)**

15     48.     Plaintiffs incorporate by reference and re-allege each and every one of the

16 allegations contained in the preceding paragraphs of this Complaint as though fully set forth

17 herein.

18     49.     Defendants, and each of them, have engaged and continue to engage in unfair

19 business practices in California by practicing, employing and utilizing the employment practices

20 outlined above, inclusive, to wit, by failing to reimburse employees for mileage expenses and/or

21 uniform expenses, as well as their forfeiture of class members' vested vacation wages, including

22 vested personal day vacation pay, vested floating holiday vacation pay, vested flexible days

23 vacation pay, and other paid-time-off/vacation pay as well by instituting any number of other

24 illegal policies Defendant including, but not limited to, illegal accrual vacation policies and/or

25 miscalculation of accrued/earned time.

26     50.     Defendants' utilization of such unfair business practices constitutes unfair

27 competition and provides an unfair advantage over Defendants' competitors.

28     51.     Plaintiffs seek, on their own behalf, on behalf of other members of the class

11

1 similarly situated, and on behalf of the general public, full restitution of monies, as necessary and

2 according to proof, to restore any and all monies withheld, acquired and/or converted by the

3 Defendants by means of the unfair practices complained of herein.

4      52.     The restitution includes the equivalent of all forfeited vacation wages including

5 vested personal day vacation pay, vested floating holiday vacation pay, vested flexible days

6 vacation pay, and other paid-time-off vacation pay, and any other restitution Plaintiff and class

7 members are entitled to as a result of any other number of illegal policies Defendant instituted

8 regarding unreimbursed expenses and/or vacation/time off pay, including, but not limited to,

9 illegal accrual policies and/or miscalculation of accrued/earned time.

10      53.     The acts complained of herein occurred within the last four years preceding the

11 filing of the complaint in this action.

12      54.     Plaintiffs are informed and believe, and on that basis allege, that at all times herein

13 mentioned, Defendants have engaged in unlawful, deceptive and unfair business practices, as

14 proscribed by California *Business and Professions Code* §17200, *et seq.*, including those set forth

15 hereinabove thereby depriving Plaintiffs and other members of the general public the minimum

16 working condition standards and conditions due to them under the California laws and Industrial

17 Welfare Commission wage orders as specifically described therein.

### PRAYER FOR RELIEF

19      WHEREFORE, Plaintiffs on their own behalf and on the behalf of the members of the

20 class and the general public prays for judgment as follows:

21      1.     For an order certifying the proposed class;

22      2.     For an order appointing Plaintiffs as the representatives of the class;

23      3.     For an order appointing Counsel for Plaintiffs as class counsel;

24      4.     For compensatory and punitive damages;

25      5.     For equitable relief in the nature of restitution of all monies due to Plaintiff and

26             members of the Plaintiff class;

27      6.     For penalties as permitted by the California *Labor Code*, and the regulations,

28             standards and applicable wage orders promulgated thereunder, specifically

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

8-18-10          FIRST LEGAL          4156261331

1    including, but not limited to *Labor Code* §§201-203, 227.3, and 2802;

2    7.    For all penalties permitted by California's Private Attorney General's Act (PAGA),

3          Labor Code §2698, *et seq.*;

4    8.    For interest as permitted by statute;

5    9.    For reasonable attorney's fees, expenses and costs as provided by *Code of Civil*

6          *Procedure* §1021.5 and *Labor Code* §2802; and

7    10.   For such other and further relief the court may deem just and proper.

8

9    DATED: August 18, 2010                    LAW OFFICES OF PETER M. HART

10

11                                             By: _____
                                                   Peter M. Hart, Esq.
12                                                 Attorney for Plaintiffs and Plaintiff Class

13

14                          **<u>DEMAND FOR JURY TRIAL</u>**

15        Plaintiffs, for themselves and the class, hereby demand a jury trial as provided by

16   California law.

17

18   DATED:  August 18, 2010                    LAW OFFICES OF PETER M. HART

19

20                                             By: _____
                                                   Peter M. Hart, Esq.
21                                                 Attorney for Plaintiffs and Plaintiff Class

22

23

24

25

26

27

28

                                   13
          COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 840 Newport Center Drive, Suite 400, Newport Beach, California 92660-6324.

On October 1, 2010, I served the foregoing document described as **DEFENDANTS KFC USA, INC., KFC U.S. PROPERTIES, INC. AND KFC CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1441, 1446, AND 1453 (CLASS ACTION FAIRNESS ACT JURISDICTION)** on each interested party, as follows:

> Peter M. Hart
> Law Offices of Peter M. Hart
> 13952 Bora Bora Way, F-320
> Marina del Rey, CA 90292
> email: hartpeter@msn.com
>
> Telephone No.: 310-478-5789
> Facsimile No.: 509-561-6441

[X]   (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Overnite Express, an express service carrier which provides overnight delivery, as follows. I placed a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed, as set forth above, with fees for overnight delivery paid or provided for.

> [X]   (BOX DEPOSIT) I deposited such envelopes or packages in a box or other facility regularly maintained by the express service carrier.

Executed on October 1, 2010, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | |
|---|---|
| Sarah Jones (s-jones@irell.com) | _Sarah Jones_ |
| (Type or print name) | (Signature) |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2306877.1

- 1 -

NOTICE OF REMOVAL OF ACTION